"Received of Mariana Lewis ten dollars in cash, it being for a certain negro boy Tony, 18 May, 1822. "JAMES JOHNSON."
The wife of Johnson proved that Mariana Lewis, who afterwards intermarried with the plaintiff, resided with her at the house of her husband; that before the date of the instrument she had heard Johnson express an intention of giving Tony to Mariana. That on 18 May, 1822, Johnson repeated his declaration, but observed that he could not give the negro unless some money was paid him by Mariana, and said if she would give him $10 Tony should be hers. Mariana replied that she had not the money. He told her that she could borrow it of his wife. The money was accordingly produced by the witness, and handed to Mariana, who gave it to Johnson, upon which he wrote the instrument and delivered it, the boy being present.
The defendant claimed title under the will of Johnson, of a subsequent date.
His Honor instructed the jury that to constitute a valid bill of sale the instrument must contain some words showing an intention of passing the property. That if the writing (303) was not a good bill of sale, they were to inquire from the evidence whether there had been a sale and an actual delivery. If there had been a sale, accompanied with a delivery, the property in the slave passed, notwithstanding the act of 1821, although there was no bill of sale. And that lending or even giving the money, by Johnson's wife, would not invalidate an actual sale accompanied by a delivery. *Page 191 
The counsel for the defendant moved the judge to instruct the jury that if they thought the $10 was not in fact lent or given by Johnson to Mariana, and that he did not mean to give her credit for the amount, but furnished them to her, and received them back, merely colorable, and to make a gift, under the pretense and form of sale, that the property did not pass.
The judge declined giving such instructions, and the jury returned a verdict for the plaintiff, whereupon the defendant appealed.
With respect to the act of 1821, concerning the sale of slaves, accompanied with a delivery, the inclination of my mind is with the judge below. I also agree with him that the receipt is inoperative as a bill of sale, if for no other reason, because it has no subscribing witnesses to it (Rev., ch. 225); for the same reason it cannot be supported as a deed of gift (Rev., ch. 701). The question then is, Was there a sale and delivery of the negro in dispute? (304)
The receipt is evidence that the $10 was paid, but the circumstances attending the payment are before us. From them it appears there was in fact no payment made by the plaintiff. The money was in reality paid by Johnson to himself; so that, although the jury found a delivery, the payment did not amount to such a consideration as to make it a sale of the slave. If, then, there was a delivery, but upon no consideration, it was a gift; but that, by the act of 1806 (Rev., ch. 704), is void, because not authenticated by deed. A sale, completed by delivery, requires no such evidence. Disguise this case as you will, it is only a gift. If it is considered as a sale, the act of 1806 may be evaded, by consideration of a peppercorn.
I think there should be a new trial.
PER CURIAM. Judgment reversed. *Page 192